**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Lucas M. Dunn, SBN 359744
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
ldunn@porterscott.com

Attorneys for Defendants, NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD
WELFARE SERVICES (CWS), NAPA COUNTY COUNSEL, AND COUNTY OF NAPA
*Exempt from filing fee pursuant to Government Code section 6103*

UNITED STATES DISTRICT OF CALIFORNIA
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JEANE DAWSON, | **Case No.: 3:25-cv-09369-JSC** |
| Plaintiff, | |
| vs. | **DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL, AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| NAPA COUNTY DISTRICT ATTORNEY; COUNTY OF NAPA; NAPA COUNTY COURT ADMINISTRATOR; NAPA COUNTY COURT ADA COORDINATOR; CITY OF NAPA POLICE DEPARTMENT, NAPA COUNTY CHILD WELFARE SERVICES (C.W.S), NAPA COUNTY COUNSEL AND DOES 1 TO 50, Inclusive | |
| Defendants. | |
| | Date: January 8, 2026 |
| | Time: 10:00 am |
| | Location: Courtroom 8—19th Floor |
| | 450 Golden Gate Avenue, |
| | San Francisco, CA 94102 |
| / | Compl. Filed: 9/16/2025 |
| | Trial Date: Not Set |

/ / /

---

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.),
NAPA COUNTY COUNSEL, AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on the aforementioned date and time, or as soon thereafter as the matter may be heard, in Courtroom 8, of the United States District Court, Northern District, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants COUNTY OF NAPA ("County"); NAPA COUNTY CHILD WELFARE SERVICES ("C.W.S."), NAPA COUNTY COUNSEL'S OFFICE ("County Counsel"),; and NAPA COUNTY DISTRICT ATTORNEY'S OFFICE ("District Attorney's Office") (the above referenced Defendants collectively referred to as "County Defendants"), will and hereby do move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") Rules (8)(a)(2) and 12(b)(6) as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that Plaintiff's Complaint has failed to allege facts sufficient upon which relief can be granted against the County Defendants. County Defendants also move this Court to dismiss Plaintiff's Complaint because Plaintiff's claims are precluded as they have already been dismissed by this Court in Case No.: 3:25-cv-09123; *Dawson, et al. v. Napa County, et al*. ("*Dawson 1*"). Given the fatal defects in the Complaint, County Defendants respectfully request the court grant this motion and dismiss the Plaintiff's Complaint without leave to amend.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Plaintiff AMANDA JEANE DAWSON brought this action against County Defendants initially in the Napa County Superior Court on September 16, 2025, alleging a violation of civil rights pursuant to 42 U.S.C. section 1983, violation of the ADA pursuant to 42 U.S.C. section 12132, *Monell claims*, and state law negligence, intentional infliction of emotional distress, and loss of consortium.

Plaintiff's claims are procedurally barred because they arise from the same set of circumstances and contain the same allegations against County Defendants that Plaintiff brought in *Dawson 1,* which was dismissed by the Court's order granting Defendants' motion to dismiss. (*Dawson 1* ECF No. 78.)

Additionally, Plaintiff must allege sufficient facts to provide grounds that entitle her to relief. This requires more than conclusory statements of the law or simple recitation of the elements of a cause of action to be pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Furthermore, Plaintiff must present facts to support a plausible, and not merely conceivable, claim. *Id.* at 547. Plaintiff has failed to meet this

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL, AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

standard in her Complaint. All six of Plaintiff's causes of action lack sufficient factual support and merely make conclusory statements of law. For this reason, the County Defendants respectfully request dismissal of the claims alleged against them in Plaintiff's Complaint.

## II.    INTRODUCTION

Plaintiff alleges on October 24, 2023, Napa C.W.S. removed Plaintiff's infant son from her custody without warrant, exigent circumstances, or due process. (Complaint ¶ 9.) Despite court orders granting reunification visitation, including overnight visits, C.W.S. obstructed and reversed visitation. (*Id.* ¶ 10.) Plaintiff has a traumatic brain injury and postpartum-related conditions. She requested reasonable accommodations such as visitation scheduling around her work hours, access to hearings with support persons, and extra time to process written reports due to cognitive limitations. (*Id.* ¶ 11.) Defendants, including the ADA coordinator and Court Administrator, failed to provide accommodations and retaliated against Plaintiff for requesting them. (*Id.* ¶ 12.) Plaintiff was placed on an involuntary psychiatric hold without evaluation, preventing her from attending a crucial juvenile hearing. (*Id.* ¶ 13.) Defendants deliberately scheduled reunification visits during Plaintiff's work shifts, forcing her to choose between visitation and work. This caused Plaintiff to lose wages. (*Id.* ¶ 14.) C.W.S. ignored Plaintiff's completion of case plan services, misrepresented her compliance, and manufactured new barriers. (*Id.* ¶ 15.) The County of Napa, through the "ADA Coordinator, C.W.S. Supervisors, and Court Administrator", maintained customs, practices, and policies of denying ADA accommodations, retaliating against parents with disabilities, and failing to train staff. (*Id.* ¶ 16.)

## III.    LEGAL ARGUMENT

### A.  Plaintiff's Complaint is Barred by Claim Preclusion/Res Judicata

The doctrine of res judicata "applies when 'the earlier suit … (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies'" (*Mpoyo v. Litton Electro-Optical Systems* 430 F.3d 985, 897 (9th Cir. 2005), quoting *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 921 (9th Cir. 2003).

1.  Plaintiff's Complaint involves the same claims Plaintiff brought in *Dawson 1*

Whether two suits involve the same claim or cause of action requires a non-mechanical analysis of four criteria: "(1) whether two suits arise out of the same transactional nucleus of facts; (2) whether

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." (*Mpoyo v. Litton Electro-Optical Systems* 430 F.3d 985, 897 (9th Cir. 2005), citing *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 921 (9th Cir. 2003). Of these four criteria, the first criterion "controls and assures the two suits involve the same claim or cause of action." *Id.* At 988.

While Plaintiff included many more factual allegations in her complaint in *Dawson 1,* it is clear the facts underlying *Dawson 1* and her complaint in this case are the same. In both complaints, Plaintiff identifies October 24, 2023, as the date she was allegedly separated from her child and goes on to allege various causes of action against County Defendants arising out of and following that event.

### 2. *Dawson 1* Reached a Final Judgment on the Merits

On October 23, 2025, this Court granted Defendants' motion to dismiss and gave Plaintiff leave to amend her complaint with respect to some of her claims. Notably, the court did not grant Plaintiff leave to amend her ADA and *Monell* claims against County Defendants. On December 3, this Court noted that Plaintiff failed to file a second amended complaint and entered judgment in favor of Defendants and against Plaintiff.

### 3. *Dawson 1* Involved Identical Parties

In *Dawson 1,* Plaintiff brought claims against Napa County District Attorney, County of Napa, Napa County C.W.S., and Napa County Probation. In the present matter, Plaintiff brings claims against County of Napa, Napa County District Attorney, Napa County C.W.S., and Napa County Counsel. Plaintiff has simply swapped out Napa Probation with Napa County Counsel while alleging the same claims from the same set of facts. Plaintiff brought both cases against a collection of Napa County entities and therefore the parties in each matter are the same.

### B. Plaintiff's Complaint Fails to State Facts Sufficient to Demonstrate Plaintiff's Entitlement to Relief

Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") Rule 12(b)(6), the Court may dismiss an action for failure to state a claim upon which relief may be granted. To survive a Motion to Dismiss under F.R.C.P. Rule 12(b)(6), a plaintiff must make a "short and plaint statement" providing "enough facts to

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Survival requires more than a statement that is merely consistent with a valid theory of recovery. *Id.* At 557. Rather, the statement must include "enough factual matter (taken as true) to suggest" a right to relief. *Id.* At 556, parentheses in original. In other words, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." *Id.* At 557. Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 573 F.3d 962, 969 (9th Cir. 2009).

A court must determine whether the plaintiff would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). However, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *S.E.C. v. Seaboard Corp.,* 677 F.2d 1315, 1316 (9th Cir. 1982); *W. Min. Council v. Watt,* 643 F.2d 618, 630 (9th Cir. 1981). The purpose behind enforcing Rule 8's pleading requirements is that "unless cases are plead clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). The Ninth Circuit has dismissed complaints that have consisted of "rambling" narrative containing "immaterial background information," and "storytelling or political gripping." *McHenry v. Renne*, 84 F.3d 1172, 1176-77 (9th Cir. 1996).

Here, Plaintiff's Complaint does not provide a "short and plain" statement of the claims with "simple, concise and direct" allegations. On the contrary, Plaintiff's Complaint fails to make clear what claims are being asserted against which Defendants. Plaintiff's Complaint is riddled with conclusory assertions and unsupported argument. Plaintiff's Complaint fails to plead particularized allegations and instead makes generalized allegations without specifying the factual basis of the claims against each Defendant, falling short of the standard required by FRCP Rule (8)(a)(2).

/ / /

1.  <u>Plaintiff's Claim for a Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Fails</u>
<u>Because Plaintiff Has Not Pled Sufficient Facts to Support Her Claim</u>

Plaintiff's first cause of action alleges a violation of civil rights pursuant to 42 U.S.C. § 1983. To state a Section 1983 claim, Plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution of laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). "[S]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hillblom v. Cnty. of Fresno,* 539 F.Supp.2d 1192, 1206 (E.D. Cal. 2008); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989.)

The plaintiff must show that the defendant's unconstitutional conduct was the actual and proximate cause of the plaintiff's injuries. *White v. Roper,* 901 F.2d 1501, 1501-1506 (9th Cir. 1990); *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer*, 844 F.2d at 633. A plaintiff cannot hold a defendant liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002), *citing Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). A defendant cannot be held liable under Section 1983 based on a "team effort" theory, which "lump[s] all the defendants together, rather than requir[ing] [plaintiff] to base each individual's liability on his own conduct." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009), *citing Chuman*, 76 F.3d at 295.

Plaintiff alleges her rights to "family integrity, due process, and equal protection under the Fourteenth Amendment" were violated by "Defendants . . . acting under color of state law." (Complaint ¶ 17.) Plaintiff fails to identify which Defendants she brings this claim against, and which factual allegations support this claim. This is exactly the type of "team effort" theory that *Hopkins* explicitly disallows. County Defendants can only speculate that this claim relates to Plaintiff's factual allegation in paragraph nine of her Complaint where she alleges on October 24, 2023, C.W.S. removed her son from her custody,

which violated Plaintiff's due process rights. However, Plaintiff does not provide any factual information to support this allegation. No supporting information or documentation is provided, and Plaintiff merely asserts that this removal violated her rights. Plaintiff does not identify which members of C.W.S. were involved in the removal proceeding, the circumstances of the proceeding, why the removal was improper, or how the removal violated Plaintiff's due process rights. This is insufficient to state a claim under FRCP Rules 8 and 12(b)(6) and fails to put the County Defendants on fair notice of the claims alleged against them.

Importantly, although Plaintiff has referenced individuals in her Complaint, she has only sued entity defendants from the County. As discussed in Section III(A)(3) below, the County Defendants are not vicariously liable for the acts of their employees pursuant to 42 U.S.C. section 1983. Plaintiff must plead facts to support a Monell claim against the entity defendants. She has not done so, and thus her firsts claim fails.

> 2. <u>Plaintiff's Claim for a Violation of the ADA Fails Because Plaintiff Has Not Pled Sufficient Facts to Support Her Claim</u>

To state a claim under Title II of the ADA, a plaintiff must allege facts showing that: "'(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.'" *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017); *O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1060 (9th Cir. 2007).

Plaintiff fails to provide sufficient facts supporting this cause of action. Plaintiff states each element in conclusory terms and claims that "Defendants discriminated against her." (Complaint ¶ 18.) Plaintiff claims the "ADA Coordinator and Court Administrator" failed to provide accommodations and retaliated against [her] for requesting them." (Complaint ¶ 12.) However, Plaintiff does not state which accommodation requests were denied, what the nature of the alleged retaliation against her was, and how this retaliation was due to any action taken by a named defendant. Additionally, Plaintiff fails to identify any County Defendant she claims to be responsible for this cause of action. This is insufficient to state a claim under FRCP Rules 8 and 12(b)(6) and fails to put the County Defendants on fair notice of the claims

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

alleged against them.

        3.   <u>Plaintiff's Claim for Monell Liability Fails Because Plaintiff Has Not Pled Sufficient Facts to Support Her Claim</u>

In order to establish municipal liability, a plaintiff must show that a "policy or custom" led to the plaintiff's injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). More generally, a plaintiff must show the following: (1) the plaintiff was deprived of a constitutional right; (2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Under *Monell*, a municipality is liable for constitutional torts committed by its employees only if those torts were committed pursuant to the municipality's policies or customs. *Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906, 924 (9th Cir. 2024). To establish the existence of an unconstitutional policy, practice, or custom, a plaintiff must show that "'the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' or where the action is made 'pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels.'" *Jackson v. Barnes*, 749 F.3d 755, 762-73 (9th Cir. 2014), citing *Monell*, 436 at 690-91.

To show an unconstitutional policy of inaction, a plaintiff must show an entity failed "to implement procedural safeguards to prevent constitutional violations." *Id*. At 763. The plaintiff must demonstrate (1) "that the defendant was on actual or constructive notice that its omission would likely result in a constitutional violation"; and (2) that the entity "could have prevented the violation with an appropriate policy." *Id*. A showing of deliberate indifference to constitutional rights requires a showing "that the County 'had actual or constructive knowledge' that its policies were 'substantially certain' to result in inmates failing to receive the proper treatment, creating a likelihood of serious injury or death*." Hanington v. Multnomah Cnty*., 593 F.Supp.3d 1022, 1033 (D. Or. 2022). Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996*); see also Hoffarth v. Cnty. of San Diego*, 2011 WL

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

6012983, at *2 (S.D. Cal. 2011).

Here, Plaintiff alleges the "County of Napa, through its policymakers (ADA Coordinator, CWS Supervisors, and Court Administrator), maintained customs, practices, and policies of denying ADA accommodations, retaliating against parents with disabilities, and failing to train staff" (Complaint ¶ 16.) Plaintiff's assertion falls far short of the standard required to bring a *Monell* claim. Plaintiff fails to state which constitutional right she was deprived of, whether the County was on notice that their alleged custom was likely to result in a constitutional violation, and whether the County could have prevented the violation with an appropriate policy. Additionally, Plaintiff fails to identify any practices of sufficient duration, frequency and consistency to show that the alleged conduct had become a method of carrying out policy. Finally, Plaintiff identifies Court entities and employees in this cause of action she appears to be bringing against County Defendants. Napa County Superior Court and its employees are not a component of Napa County, which makes Plaintiff's cause of action ambiguous as to which Defendant it is brought against. This is insufficient to state a claim under FRCP Rules 8 and 12(b)(6) and fails to put the County Defendants on fair notice of the claims alleged against them.

4. Plaintiff's Claim for Negligence Fails Because Plaintiff Has Not Pled Sufficient Facts to Support Her Claim

At the outset, Plaintiff has only sued the entity defendants with respect to the County Defendants. Public entities are not liable for common law claims. (Cal. Gov. Code § 8l5.) "Since the duty of a governmental agency can only be created by statute the statute claimed to establish the duty must at least be identified in the complaint." (*Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 802.) "In addition, because all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable. Thus, to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." (*City of Los Angeles v. Superior Court* (2021) 62 Cal.App.5th 129, 138 (quotations omitted) citing *Lopez v. Southern Cal. Rapid Transit Disr.* (1985) 40 Cal.3d 780, 795 (citing cases).) Government Code section 815 "abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable."

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

(*Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1457, quoting Harshbarger v. City of Colton (1988) 197 Cal.App.3d 1335, 1339.) Here, since Plaintiff has not identified any statutory authority to support this common law claim, it must be dismissed on that basis alone.

Regardless, "[t]he elements of a cause of action are well established. They are '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate cause of the resulting injury.'" (*Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). Citing *Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, 834 [10 Cal.Rptr.2d 748]. Here, Plaintiff merely asserts that "Defendants owed [her] a duty to provide services and accommodations consistent with law. Their breach of this duty directly caused Plaintiff's harm." (Complaint ¶ 20.) These allegations do not identify which defendant acted negligently, the respective defendant's alleged negligent conduct, the applicable standard of care, and how the alleged conduct breached the standard of care. This is insufficient to state a claim under FRCP Rules 8 and 12(b)(6) and fails to put the County Defendants on fair notice of the claims alleged against them.

5. <u>Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails Because Plaintiff Has Not Pled Sufficient Facts to Support Her Claim</u>

As discussed in Section III(A)(4) above, the County Defendants are not liable for common law claims. Plaintiff does not cite any statutory authority to support her common law IIED claim. Thus, Plaintiff's common law IIED claim fails for this reason alone.

The elements of a prima facie case of intentional infliction of emotional distress in California are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (as amended) (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 . . . (1982)) (internal quotation omitted). The conduct must be more than "intentional and outrageous . . . directed at the plaintiff . . ." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). The conduct also must be "motivated by ill will or a desire to harm" (*Corales v. Bennet,* 567 F.3d 554, 572 (9th Cir. 2009)), "intended to inflict injury or engaged in with the realization that injury will result." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 1001 (1993).

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Again, Plaintiff merely alleges a recitation of the elements and fails to identify which defendant she is bringing this claim against. Plaintiff identifies "falsified reports, obstruction of evidence, and deliberate denial of accommodations" as extreme and outrageous. (Complaint ¶ 21.) However, she does not identify any individual or defendant who took the alleged actions, how the alleged actions were directed at Plaintiff, or how the alleged actions were intended to cause emotional distress. This is insufficient to state a claim under FRCP Rules 8 and 12(b)(6) and fails to put the County Defendants on fair notice of the claims alleged against them.

6.   Plaintiff's Claim for Loss of Consortium Fails as a Matter of Law

Again, as discussed in Section III(A)(4) above, the County Defendants are not liable for common law claims. Plaintiff does not cite any statutory authority to support her common law loss of consortium claim. Thus, Plaintiff's common law loss of consortium claim fails for this reason alone.

Plaintiff's loss of consortium claim also fails as a matter of law because the claim may only be based upon relationship between spouses, not between a parent and child. Under California law, loss of consortium is not recognized as a cause of action in the context of a parent-child relationship. *Borer v. Am. Airlines, Inc.*, 19 Cal. 3d 441, 444 (1977). The *Borer* Court found that the intangible nature of the loss, the difficulty in measuring damages, the risk of multiple claims, and the potential for excessive liability make it inappropriate to extend the loss of consortium claims to the parent-child relationship. *Id.* at 448. Accordingly, Plaintiff's loss of consortium claim fails as a matter of law.

## IV.    CONCLUSION

Based on the foregoing reasons, the County Defendants request that the Court grant this Motion in its entirety, dismissing all of Plaintiffs' claims against them with prejudice.

Dated:    December 5, 2025                    PORTER SCOTT
                                              A PROFESSIONAL CORPORATION


                                              By:    */s/ William E. Camy*
                                                     William E. Camy
                                                     Lucas M. Dunn

DEFENDANT'S NAPA COUNTY DISTRICT ATTORNEY, NAPA COUNTY CHILD WELFARE CERVICES (C.W.S.), NAPA COUNTY COUNSEL,  AND COUNTY OF NAPA'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT