United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JEANE DAWSON, | Case No. 25-cv-09369-JSC |
| Plaintiff, | |
| v. | **ORDER RE: DEFENDANTS' MOTIONS TO DISMISS** |
| NAPA COUNTY DISTRICT ATTORNEY, et al., | Re: Dkt. Nos. 6, 13 |
| Defendants. | |

Plaintiff, proceeding without attorney representation, sues Napa agencies for civil rights violations and torts. (Dkt. No. 1.)[1] Now pending before the Court are motions to dismiss filed by the City of Napa on behalf of the City of Napa Police Department and individual officers ("City Defendants"), (Dkt. No. 6); and Napa County, on behalf of itself, Napa County Child Welfare Services ("CWS"), Napa County Counsel's Office, and Napa County District Attorney's Office ("County Defendants"), (Dkt. No. 13). The Court previously vacated oral argument pursuant to N.D. Cal. Civil Local Rule 7-1(b). (Dkt. No. 15.) Plaintiff has not responded to Defendants' motions. However, having carefully considered Defendants' submissions, the Court GRANTS Defendants' motions to dismiss. Because in Case No. 25-cv-1923-JSC, Plaintiff asserted claims based on the same facts and against the same defendants, and the Court entered judgment against Plaintiff on the merits, res judicata prevents her from asserting those claims in this case.

\\

\\

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 25-cv-09369-JSC unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

I.  **COMPLAINT ALLEGATIONS**

On October 24, 2023, CWS "removed Plaintiff's infant son from her custody without warrant, exigent circumstances, or due process." (Dkt. No. 1 ¶ 9.) "Despite court orders granting reunification visitation, including overnight visits, CWS obstructed and reversed visitation, depriving Plaintiff of family integrity." (*Id.* ¶ 10.) Because Plaintiff has a traumatic brain injury and post-partum-related conditions, she "repeatedly requested reasonable ADA accommodations," including scheduling visitation around her work hours, support for hearings, and extra time to process written reports. (*Id.* ¶ 11.) However, the ADA Coordinator and Court Administrator "failed to provide accommodations and retaliated against Plaintiff for requesting them." (*Id.* ¶ 12.) As discrimination and retaliation, "Plaintiff was placed on an involuntary psychiatric hold (5150) without evaluation, preventing her from attending a crucial juvenile hearing." (*Id.* ¶ 13.) Defendants also "deliberately scheduled reunification visits" during Plaintiff's work shifts, causing "significant loss of wages and career opportunities." (*Id.* ¶ 14.) "CWS ignored Plaintiff's documented completion of case plan services, misrepresented her compliance, and manufactured new barriers." (*Id.* ¶ 15.) Napa County and its policymakers also "maintained customs, practices, and policies of denying ADA accommodations, retaliating against parents with disabilities, and failing to train staff." (*Id.* ¶ 16.)

II. **PROCEDURAL HISTORY**

On October 30, 2025, in Napa County Superior Court, Plaintiff sued Napa County, the Napa County District Attorney, CWS, the Napa County Court ADA Coordinator, Napa County Court Administrator, the City of Napa Police Department, and Napa County Counsel and asserted claims for: (1) violations of her Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) violations of the Americans with Disabilities Act, 42 U.S.C. § 12132; (3) failure to train and supervise under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (4) negligence; (5) intentional infliction of emotional distress; and (6) and loss of consortium and family integrity. (Dkt. No. 1 at 4-16.) City Defendants removed the case to this Court based on federal question jurisdiction. (*Id.* at 1-2.) *See* 28 U.S.C. § 1331. City Defendants and County Defendants then

2

moved to dismiss. (Dkt. Nos. 6, 13.)

## III. PRIOR CASE

On February 24, 2025, Plaintiff sued Napa County, Napa County Superior Court, Napa Police Department, CWS, and Napa County Public Defender's Office for Fourth, Sixth, and Fourteenth Amendment violations under 42 U.S.C. § 1983. (Case No. 25-cv-01923-JSC, Dkt. No. 1.) The defendants moved to dismiss, and the Court granted the motions to dismiss with leave to amend except as to Plaintiff's claims against Napa County Superior Court, which were dismissed without leave to amend. (Case No. 25-cv-01923-JSC, Dkt. Nos. 20, 22, 29, 45.) Plaintiff then sought to consolidate (1) Case No. 25-cv-1923, *Dawson v. Napa County*; (2) Case No. 25-cv-3350, *Milner v. Dodd*; (3) Case No. 25-cv-3428, *Milner v. N.E.W.S.*; and (4) Case No. 25-cv-6193, *Milner v. Napa County*; and for permission to file on behalf of her fiancé Erik Milner. (Case No. 25-cv-01923-JSC, Dkt. Nos. 52, 58.)[2] The Court denied both motions. (Case No. 25-cv-01923-JSC, Dkt. No. 65.)

Plaintiff then filed an amended complaint against Napa County, Napa County District Attorney's Office, Michelle Roberts, Melissa Kelly, CWS, Jasmine Bogarin, Martha Jimenez-Ramirez, Catalina Chavez, Lori Grisham, Napa County Counsel's Office, Joann Iwasaki Parker, Douglas Parker, Corey Utsurogi, Sheryl Bratton, Napa County Public Defender's Office, Allison Wilensky, Aric Bright, Napa County Superior Court, ADA Coordinator Robert E. Fleshman, Judge Robert Stamps, Judge Scott Young, Judge Mark Boessenecker, Judge Elia Ortiz, Judge Francisca Tisher, Judge Joseph Solga, Commissioner Douglas Skelton, the City of Napa, Napa Police Department, Officer Jose Velasquez, Officer Nicholas Tuscani, Officer Medina, Sergeant Medina, Officer Sean Ulitin, Officer Kevin King, Officer Matt Lipscomb, Officer Sean Rohrer, Officer Adam Gilbert, Officer Adam Davis, Detective Pete Persig, Detective Dustin Dodd, and Detective Bill Hernandez. (Case No. 25-cv-01923-JSC, Dkt. No. 62 at 6-14.) Her amended

---

[2] On February 6, 2025, Plaintiff also brought a related action and asked the Court to "remove the criminal prosecution against [her] from the state court system to federal court under 28 U.S.C. § 1455[] and remove the [j]uvenile dependency case against [her] and [her] family." (Case No. 25-cv-01288, Dkt. No. 1 at 1.) The Court dismissed and remanded the case to state court for lack of subject matter jurisdiction. (Case No. 25-cv-01288, Dkt. No. 10 at 1.)

3

complaint asserted claims under 42 U.S.C. § 1983 for First Amendment retaliation, Fourth Amendment, and Fourteenth Amendment due process violations, including *Monell* claims; 42 U.S.C. § 1985 for conspiracy; the Americans with Disabilities Act ("ADA") and Rehabilitation Act; the Indian Child Welfare Act ("ICWA"); and Racketeer Influenced and Corrupt Organizations ("RICO"). (*Id.* at 27, 34.)

Plaintiff alleged, among other things, CWS removed her child on October 24, 2023 "without a warrant or court order," or "exigent circumstance[s]." (*Id.* at 16.) In addition, Plaintiff "was placed on a 5150 psychiatric hold without medical evaluation, preventing her from attending the first dependency hearing." (*Id.*) Then, in 2024, CWS "reversed her visitation progress," "demanded she redo programs," and "cut[] overnight visits" with her child "[a]fter a judge had approved thrice-weekly overnight visits." (*Id.* at 16-17.) Plaintiff had "formally requested ADA accommodations (such as a note-taker, extended time to review evidence, and a support person)" because she "had a cognitive disability from her head injury." (*Id.* at 21.) However, "[t]hese requests were ignored or denied without a hearing." (*Id.*)

The remaining defendants moved to dismiss Plaintiffs' amended complaint. (Case No. 25-cv-01923-JSC, Dkt. Nos. 63, 64.) The Court granted both motions to dismiss with leave to amend by November 22, 2025 "except as to [Plaintiff's] claims (1) regarding judges' denial of her ADA accommodation requests, (2) her section 1985(3) claim, (3) her RICO claim, and (4) her *Monell* claims against local government Defendants." (Case No. 25-cv-01923-JSC, Dkt. No. 73 at 19.) However, because Plaintiff had not filed an amended complaint by December 3, 2025, the Court entered judgment for the defendants and against Plaintiff. (Case No. 25-cv-01923-JSC, Dkt. No. 78.) Plaintiff did not file an appeal.

**DISCUSSION**

## I. RES JUDICATA

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks and citation omitted). Res judicata applies to bar a plaintiff's new claims "when the earlier suit . . . (1) involved the same

4

'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quotation marks and citation omitted). A defendant may assert *res judicata* as an affirmative defense in a 12(b)(6) motion to dismiss when the defense "raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)

### A. Same "Claim" or Cause of Action

To determine whether the two suits involve the same claim or cause of action, courts consider:

> (1) whether the two suits arise out of the same transactional nucleus of facts;
> (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo*, 430 F.3d at 987 (citation omitted). As to the first element, "[w]hether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quotation marks and citation omitted). This first element is often "outcome determinative," as it "controls and assures the two suits involve the same claim or cause of action." *Id.* at 988. So, "[e]ven where a plaintiff alleges different legal theories, the subsequent claim is barred if it is premised on the same set of facts." *Stowers v. Wells Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL 1245070, at \*2 (N.D. Cal. Mar. 25, 2014) (citing *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000)).

Drawing all reasonable inferences from Plaintiff's allegations in Plaintiff's favor, Plaintiff's present suit arises out of the same set of facts as her prior suit. Like her present complaint, her prior amended complaint alleged CWS employees took her child from her on October 24, 2023 without a warrant, court order, or exigent circumstances, and disregarded a court-ordered plan for reunification to reverse visitation progress and deny overnight visits. (Case No. 25-cv-01923-JSC, Dkt. No. 62 at 16-17.) Her prior suit also alleged courts ignored or denied her requests for ADA accommodations "such as a note-taker, extended time to review evidence, and a support person," which she had requested because of her "cognitive disability from her head

United States District Court
Northern District of California

injury," which deprived her of "meaningful" court proceedings. (*Id.* at 21.) In addition, Plaintiff's prior suit alleged she was "placed on a 5150 psychiatric hold without medical evaluation, preventing her from attending the first dependency hearing." (*Id.* at 16.) Because Plaintiff's present complaint repeats claims "related to the same set of facts," the suits arise out of the same transactional nucleus of facts and therefore involve the same claim. *See Mpoyo*, 430 F.3d at 987.

### B. Final Judgment on the Merits

For res judicata to apply, the earlier suit must have resulted in a "final judgment on the merits." *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). "[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)); *see also Stowers v. Wells Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL 1245070, at *3 (N.D. Cal. Mar. 25, 2014) (holding entry of judgment following dismissal of a complaint for failure to state a claim and failure to file an amended complaint is a final judgment on the merits).

On October 23, 2025, the Court dismissed Ms. Dawson's amended complaint in the prior suit for failure to state a claim and gave Ms. Dawson leave to file an amended complaint by November 22, 2025. (Case No. 25-cv-01923-JSC, Dkt. No. 73.) Because Ms. Dawson had not filed an amended complaint by December 3, 2025, the Court entered judgment against her and for the defendants. (Case No. 25-cv-01923-JSC, Dkt. No. 78.) Ms. Dawson did not appeal. So, Ms. Dawson's prior case resulted in a final judgment on the merits.

### C. Identical Parties or Privies

"The final element of res judicata is privity between the parties." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. There is "obviously [] privity" when the "parties in both actions are identical." *Id.* "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* (quotation marks and citation omitted).

Ms. Dawson is the plaintiff in both cases, and her amended complaint in the prior case named Napa County, the Napa County District Attorney, CWS, the Napa Police Department, and

United States District Court
Northern District of California

Napa County Counsel as defendants. (Case No. 25-cv-1923-JSC, Dkt. No. 62 at 6-13.) As "identical" parties, there is "obviously [] privity" for Napa County, the Napa County District Attorney, CWS, the Napa Police Department, and Napa County Counsel as defendants in this case. *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081.

So, Plaintiff's claims against City Defendants and County Defendants are barred by res judicata.

**CONCLUSION**

Because drawing all inferences from the allegations in this case in Plaintiff's favor, Defendants have established Plaintiff's claims are barred by res judicata, the Court GRANTS City Defendants' and County Defendants' motions to dismiss. The Court denies Plaintiff leave to amend her claims against City and County Defendants "because res judicata would bar relief even with . . . amendments, and, thus, amendment would be futile." *See Davis v. Cnty. of Maui*, 454 F. App'x 582, 583 (9th Cir. 2011) (citation omitted).

Finally, as Plaintiff is proceeding without counsel, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding her claims.

This Order disposes of Docket Nos. 6 and 13.

**IT IS SO ORDERED.**

Dated: February 27, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California